MARTIN J. LAWLER (CSBN 77127)
Lawler & Lawler
505 Sansome Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 391-2010
Fax: (415) 781-6181
Email: mlawler@aboutvisas.com

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Venkateshwaran Iyer<br>Abhinav Iyer<br>Brigu Iyer<br>Ashwat Iyer<br><br>      Plaintiffs,<br><br>      v.<br><br>United States Citizenship and Immigration Services;<br><br>Kevin K. McAleenan, in his official capacity as Acting Secretary, U.S. Department of Homeland Security;<br><br>Lee Francis Cissna, in his official capacity as Director, U.S. Citizenship and Immigration Services;<br><br>      Defendants. | Civil Action No. 19-_____(XXX)<br><br><br>COMPLAINT FOR WRIT<br>OF MANDAMUS |

## **VERIFIED COMPLAINT FOR IMMEDIATE MANDAMUS RELIEF**

## PRELIMINARY STATEMENT

1.      This is a case brought to compel unreasonably and unlawfully delayed

agency action pursuant to the Administrative Procedure Act 5 U.S.C. § 555(b) and § 706(1) and for mandamus relief under 28 U.S.C. § 1361.

2.     Venkateshwaran Iyer (hereinafter "Plaintiff" or "Mr. Iyer") was born in India and is a resident of Singapore.  He seeks to immigrate to the United States with his wife and three sons.  Mr. Iyer, a retired banker, has been trying to immigrate with his family for about three years based on an investment of $500,000 pursuant to the EB-5 Immigrant Investor Program.  He has had to file two separate EB-5 petitions. His first petition, filed on June 7, 2016, involved a $500,000 investment in a commercial building project.  That petition was turned down by the U.S. Citizenship and Immigration Services ("USCIS") based on the project's technical paperwork deficiencies. On March 27, 2018, Mr. Iyer made a second investment of $500,000 in a mall and hotel project in New York.  By that time, his eldest son, Ashwat Iyer (hereinafter "Ashwat") had turned age 21 and no longer qualified as a dependent child of Mr. Iyer's immigrant petition.  For Ashwat's immigration, Mr. Iyer gifted him $500,000 and Ashwat filed his own EB-5 immigrant petition.

3.     Mr. Iyer now seeks to become a lawful conditional permanent resident of the U.S. with his wife and two younger sons, Abhinav Iyer (hereinafter "Abnihav") and Brigu Iyer (hereinafter "Brigu"), as his derivative dependents, with

Ashwat filing his own separate immigrant petition.  For Mr. Iyer, his dependents, and Ashwat to obtain permanent residence, 1) USCIS needs to decide their EB-5 Form I-526 petitions; 2) the EB-5 immigrant visa category for India, must be "current" on the U.S. Department of State's Visa Bulletin; and 3) Mr. Iyer, his wife and their sons must each file a Form I-485 for adjustment of status, or apply for an immigrant visas (which must be decided by USCIS or the U.S. Department of State, respectively).

4.      Although Mr. Iyer is a Singapore resident, he and his dependents are subject to the Indian quota for immigrant visas due to Mr. Iyer's (the principal petitioner's) country of birth.  Ashwat, also born in India, is subject to the India quota. The EB-5 India quota will backlog in July 2019, creating a cut-off date for visa availability.  Mr. Iyer's son Brigu is currently under 21 and Abhinav, while over age 21, is protected from aging out by the Child Status Protection Act ("CSPA") as though he is under age 21.  Abhinav and Brigu can only immigrate with their parents if their age is less than 21 years old or their CSPA-adjusted age is under 21 years old when Mr. Iyer's I-526 petition is approved.  Thus, Mr. Iyer must have his I-526 petition decided immediately so that he, his wife, and his sons can file their adjustment applications or immigrant visa applications while a visa number is

available to them.  If Mr. Iyer's I-526 petition is not soon decided, his sons will lose the ability to apply for permanent residence or immigrant visas as Mr. Iyer's dependent children, resulting in family separation and irreparable harm.

5.    Mr. Iyer seeks adjudication of his EB-5 Form I-526 petition which Defendant USCIS has refused and failed to decide, despite Plaintiff's counsel's request that they do so on January 31, 2019.

6.    Mr. Iyer invested in the New York State Empire Outlet Fund I, LLC, which is building an outlet mall and attached Hyatt Place Hotel, with a parking garage serving the mall and hotel.  The project cost about $450 million and will open on May 15, 2019.  It has created more than 1,000 direct and indirect jobs.

7.    Defendants' delay in adjudicating Plaintiff's petition is beyond the 180-day processing time mandated by Congress by 8 U.S.C. § 1571.  Such delay is arbitrary and unreasonable.  This unlawful and unreasonable delay, unless remedied immediately, will cause Plaintiff permanent and irreparable harm because of Defendants' refusal to decide his case.

## JURISDICTION

8.    The Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331, Federal Question Jurisdiction; 28 U.S.C. § 2201, the Declaratory Judgment

Act; 5 U.S.C. § 701 *et seq.*, the Administrative Procedure Act; and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his or her duty; and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

9.      Venue properly lies in New York, NY pursuant to 28 U.S.C. § 1391(e)(1) because this is a civil action against an agency, and officers or employees of the agency of the United States, that operates in this district.  Venue is proper in New York, NY since three of the Plaintiffs, Abhinav, Brigu, and Ashwat, reside in New York, NY and § 336(b) of the Immigration and Nationality Act, 8 U.S.C. § 1447(b) says that venue is proper in "the district in which the applicant resides."  The Southern District of the U.S. District Court of New York serves New York County.

## PARTIES

8.      Mr. Iyer is a native of India and resident of Singapore.  He lives and lawfully works in Singapore.  His home address is 9 Nathan Road, 04-01 Regency Park, Singapore 248730.  Mr. Iyer invested $500,000 in the New York State Empire Outlet Fund I, LLC, which is financing the construction of a mall and hotel in Staten Island, New York.  Mr. Iyer filed an EB-5 Form I-526 petition with Defendant

USCIS on March 27, 2018, and it remains pending. His I-526 file number is WAC1890201540.

9.     Abhinav Iyer was born in India in 1997. He is 21 years old and is studying at New York University in lawful F-1 student status.  He is a dependent listed on his father's EB-5 I-526 petition.  His age was frozen under 21 upon his father's filing his I-526 per the CSPA (8 U.S.C. §§ 1151(f), 1153(h).  He lives at 2 Gold Street, Apt. 14A, New York, NY 10038.

10.     Brigu Iyer was born in India in 1999.  He is 19 years old and is also studying at New York University in lawful F-1 student status.  He lives with his brother Abhinav at 2 Gold Street, Apt. 14A, New York, NY 10038.  He is listed as a dependent on his father's I-526 petition.

11.     Ashwat Iyer was born in India in 1996 and is 23 years old.   He graduated from Loyola Marymount University in New York, was working in the U.S. on lawful F-1 Optional Practical Training status, and will now be returning to university.  He lives with his brothers at 2 Gold Street, Apt. 14A, New York, NY 10038.  Ashwat was under 21 years old and listed as a dependent on Mr. Iyer's first EB-5 I-526 petition.  When Mr. Iyer's second I-526 petition was filed, Ashwat was already over 21 years old.  Ashwat subsequently filed his own EB-5 I-526 petition

on April 11, 2018, based on his own $500,000 investment in New York State Empire

Outlet Fund I, LLC.  His I-526 file number is WAC1890220183.

12.    Defendant USCIS is the agency within the federal Department of

Homeland Security responsible for administering the EB-5 Immigrant Investor

Program, including adjudicating I-526 petitions.  EB-5 petitions are adjudicated by

the USCIS Immigrant Investor Program Office in Washington, D.C.

13.    Defendant Kevin K. McAleenan is the Acting Secretary of the

Department of Homeland Security ("DHS").  He is sued in his official capacity.

14.    Defendant Lee Francis Cissna is the Director of USCIS.  He is sued in

his official capacity.

## EXHAUSTION OF REMEDIES

15.    Plaintiffs have no administrative remedies available to obtain

adjudication of Mr. Iyer's petition.  The request for adjudication of Mr. Iyer's I-526

EB-5 application has been ignored.

## FACTS

## IMMIGRANT INVESTOR PROGRAM

16.    The Immigration and Nationality Act ("INA") of 1990, section

203(b)(5), 8 U.S.C. § 1153(b)(5), created a new preference allocation of 10,000 visas

("EB-5 visas") for immigrants who invest, or are in the process of investing, lawfully obtained capital in a commercial enterprise, which will create, or save, 10 or more jobs for qualified U.S. workers.  The minimum investment amount is $1 million, or $500,000 when the investment is made in a "targeted employment area" (that is, a rural area or an area of unemployment substantially higher than the national average). 8 U.S.C. § 1153(b)(5); 8 C.F.R. § 204.6(f)(2).  Under this law, qualified immigrant investors may obtain lawful permanent residence in the United States for themselves and their dependents including children under age 21.  The EB-5 law is intended to attract foreign capital for economic development and job creation, especially in economically depressed or rural areas.

17.    For EB-5 immigration, each investor must create 10 jobs based on the individual's investment, which may include indirect jobs such as those created by suppliers of goods and services, using reasonable methodologies to estimate both. 8 C.F.R. § 204.6(e), (j)(4)(iii), (m)(7). Reasonable methodologies include standard economic input/output models.

18.    USCIS has a team of more than 100 employees in Washington, D.C. engaged solely in the adjudication of EB-5 cases.  These include specialists such as economists, securities lawyers, and business analysts.

## THE APPLICATION PROCESS

19.     Each EB-5 investor must file USCIS Form I-526 with supporting documents showing the petitioner's investment, lawful source of funds, and evidence that the project will generate 10 jobs as required by 8 U.S.C. § 1153(b)(5)(A).  Mr. Iyer's and Ashwat's I-526 petitions contain full and complete documentation of the project, job creation and lawful source of funds.

20.     If USCIS determines that the project and the investor meet the legal requirements and the investment meets the qualifications, USCIS will approve the I-526 petition, permitting the petitioner to apply for adjustment to permanent resident status with the USCIS, or apply for an immigrant visa through the U.S. Department of State.  The adjustment application Form I-485 or immigrant visa can only be filed once the I-526 is granted and there is a "current" priority date (I-526 filing date) on the U.S. Department of State Visa Bulletin https://travel.state.gov/content/travel/en/legal/visa-law0/visa-bulletin.html.

21.     The U.S. Department of State has announced that on July 1, 2019, the India EB-5 visa quota will "retrogress."  If Mr. Iyer has an approved I-526 petition and files for adjustment of status or immigrant visa before the Indian EB-5 visa quota retrogresses, his sons Abhinav and Brigu may file with him and immigrate to the

U.S. with him.  Otherwise, they will "age out" and become too old to immigrate with their parents.

22.     After becoming a conditional permanent resident, the investor must wait 21 months to file the Form I-829.  Each EB-5 petitioner needs to prove at the I-829 stage that 1) he maintained his investment in the project; and 2) the project created 10 U.S. full-time jobs direct or indirect with the investor's $500,000 capital. The jobs may, per USCIS rules, be measured by an economic model.

23.     It is the will of Congress that the processing of an immigration petition be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) should be processed not later than 30 days after the filing of the petition. 8 U.S.C. Code § 1571.

## THE FACTS UNDERLYING THIS CLAIM

24.     Mr. Iyer has been trying to immigrate to the U.S. for nearly three years. He filed his first I-526 petition on July 6, 2016, which included his wife and three sons as dependents on the application.  The USCIS file number is WAC1690537563. It was fully documented with evidence that demonstrates the project will be completed, jobs created, and Mr. Iyer's investment capital comes from a lawful source.

25.    Mr. Iyer's and all of the project's other investors' funds were returned when the USCIS denied the project on a technicality.  USCIS claimed the funds, which were held in escrow, did not qualify as job-creating capital, because they were to be paid directly to the bank to pay off the commercial building's bank loan funding the project.  USCIS insisted the funds must first go to the project's bank account and from that account to the bank to pay off the loan.  In addition, the USCIS found the construction loan did not meet its definition of "bridge financing."

26.    Mr. Iyer then made a second investment of $500,000 in another EB-5 project, the New York State Empire Outlet Fund I, LLC in Staten Island, NY.  He filed his second I-526 petition on March 27, 2018, file number WAC1890201540. It remains pending.  Mr. Iyer's application is supported by evidence of his lawful source of funds and project documents about how Mr. Iyer's capital will help build the mall and hotel project, as well as the number of direct and indirect jobs that will be created.

27.    As Mr. Iyer's oldest son Ashwat was over age 21 when Mr. Iyer filed his second I-526 petition, Mr. Iyer gifted $500,000 to Ashwat for his own EB-5 investment and petition, filed on April 11, 2018.  His USCIS file number is WAC1890220183.  Mr. Iyer does not have sufficient funds to give gifts of capital to

his other sons, Abnihav and Brigu, for their independent immigration.

28.    If Mr. Iyer's sons Abhinav and Brigu cannot immigrate as his dependent children, Mr. Iyer, once a permanent resident, must file family-based second preference applications per 8 U.S.C. § 1153 to sponsor his sons for immigration, which will prolong their immigration by eight to ten years.  When their student visas expire, Abhinav and Brigu would then be required to return to India or Singapore.  If their father's I-526 petition is granted before July 1, 2019, when the India EB-5 visa quota retrogresses, they may file either an application for adjustment of status Form I-485 with USCIS or an application for an immigrant visa with the U.S. Department of State.  This would protect them from aging out and preserve their ability to immigrate to the U.S. with their parents.

29.    On January 31, 2019, an email (attached at Exhibit "A") was sent by Mr. Iyer's attorney to the USCIS' EB-5 Unit explaining Mr. Iyer and his sons' need for his I-526 to be decided before the Indian EB-5 visa quota retrogresses, at which time his sons will be unable to apply for adjustment of status or immigrant visas.  Counsel's email was accompanied by Mr. Iyer's Declaration (attached at Exhibit "B") setting forth the facts contained in this complaint.  Counsel requested a decision on the I-526 petition.  USCIS did not reply.

30.     In order for Mr. Iyer and his sons to immigrate together, and to prevent causing a decade-long family separation and irreparable harm, Mr. Iyer and his son, Ashwat's I-526 petitions must be now be decided by USCIS.

## CAUSES OF ACTION

31.     Plaintiffs incorporate paragraphs 1 through 30 as fully stated herein. Defendants owe Plaintiffs a duty to adjudicate its petition pursuant to the 1993 Appropriations Act § 610 and 8 C.F.R. § 204.6(m).  USCIS has been paid a fee of $3,675.00 for the time it takes to adjudicate the case (which is a user fee tied to the effort necessary to process each case).

32.     Plaintiffs will continue to be damaged by Defendants' failure to act on Plaintiff's Form I-526 petition, as they are required to do so.

33.     Plaintiffs have no adequate remedy through the administrative processes of USCIS and no other remedy at law.

34.     Defendants have arbitrarily refused to perform their duty.  Defendants' conduct violates 5 U.S.C. § 555(b), which requires USCIS to conclude a matter presented to it "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time." Defendants' conduct also constitutes unlawfully withheld or unreasonably delayed agency action, action

which this Court therefore "shall…compel" pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court will:

35.     Assume jurisdiction of this cause.

36.     Enter an order compelling Defendants to perform their duty to act upon Plaintiff's Form I-526 petition within 10 days.

37.     Grant Plaintiffs reasonable attorney's fees and such further relief as may be just, lawful, and equitable.

DATED: May 9, 2019                          Respectfully submitted,


                                            */s/ Martin J. Lawler*
                                            _____
                                            Martin J. Lawler
                                            CA Bar # 77127
                                            Lawler & Lawler
                                            505 Sansome Street, Suite 1250
                                            San Francisco, CA 94111
                                            Phone: (415) 391-2010
                                            Fax: (415) 781-6181
                                            mlawler@aboutvisas.com


                                            Attorney for Plaintiffs